# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| **MICHAEL JAMES REYNOLDS** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| **JAY CHASTAIN** ) | |
| **STEVEN BARNES** ) | |
| **DAKOTA DILLS** ) | JURY TRIAL DEMANDED |
| ) | |
| All individually, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Michael Reynolds, and files this Complaint for Damages against the above-named defendants, all individually, showing as follows.

## NATURE OF CLAIM

Plaintiff brings this action against Defendants for violation of his rights as guaranteed by the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1988, and Georgia law. Plaintiff seeks compensatory damages, special damages, general

1

damages, punitive damages, reasonable attorneys' fees and costs, and any and all other relief to which he is or may be entitled by law as more fully described below.

## JURISDICTION AND VENUE

1. This action is brought before the court pursuant to 42 U.S.C. §§ 1983 and 1988, and the First and Fourth Amendments to the United States Constitution for the deprivation of Plaintiff's constitutional rights under color of law. Accordingly, this Court has jurisdiction over his claims pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff also asserts Georgia state law claims against Defendants that arise out of the same transaction or occurrence that serves as the basis for his claims that arise under federal law; therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is properly conferred upon this Court because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, it is the most convenient to the parties and to the witnesses, and it is where one or more of the Defendants are deemed to reside. 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Fulton County, Georgia and is subject to the jurisdiction and venue of this Court.

5. At all times relevant hereto, these defendants were employed by the City of Clayton Police Department and were acting under color of law.

6. All conditions precedent to this action have occurred, been executed, or made moot.

## FACTUAL ALLEGATIONS

7. On or about May 5, 2024, Plaintiff was driving in Rabun County, Georgia in or near the City of Clayton, Georgia in a rental car.

8. Plaintiff's vehicle was duly registered, insured, and in good working order in all respects.

9. Plaintiff had a valid Georgia driver's license and had no warrants.

10. At approximately 12:50 a.m., Defendant came upon a roadblock initiated by the Rabun County Sheriff's Office (RCSO) and/or Clayton Police Department (CPD) at or near 809 Highway 441, Clayton, Georgia.

11. Plaintiff was ordered to stop at the roadblock, which he did.

12. Plaintiff and Chastain engaged in a colloquy during which Plaintiff inquired why he was being ordered to stop. Chastain told him that he smelled alcohol and that it was a highway safety check. Chastain ordered Reynolds to produce his driver's license.

13. There was no independent probable cause or reasonable suspicion to order Plaintiff to produce his driver's license.

14. During this exchange, Defendant inquired repeatedly why he was being singled out and ordered to produce his license without probable cause or reasonable suspicion of having committed any offense, all the while stating that he had not consumed any intoxicants of any kind.

15. Plaintiff was ordered out of the car and he exited without incident. Chastain placed him in cuffs without probable cause or reasonable suspicion, and he was then taken to Chastain's patrol vehicle.

16. Chastain then patted down Plaintiff, removed his wallet, searched his person and seized his wallet and driver's license without probable cause or reasonable suspicion.

17. Chastain Mirandized Plaintiff without probable cause or reasonable suspicion and asked Plaintiff if he could check his eyes to make sure he was safe to drive. Reynolds continued to object, stating over and over that he had not had anything to drink, nor had he consumed any drugs or other intoxicants.

18. No field sobriety tests were performed and there was no evidence whatsoever that Plaintiff was impaired.

19. There was no independent probable cause to arrest Plaintiff for any other charge.

20. Despite this, Chastain placed Plaintiff under arrest for DUI based on a supposed odor of alcohol.

21. Plaintiff was also charged with obstruction of an officer.

22. After arresting Plaintiff, Chastain requested that Plaintiff submit to the state-administered implied consent test of his blood. Plaintiff agreed.

23. Chastain placed Plaintiff in the back of his car and transported him to Mountain Lakes Medical Center for the blood draw. Afterwards, he was transported to the Rabun County Detention Center where he spent the night and was released on May 5, 2024.

24. The results of Plaintiff's blood draw were negative for alcohol.

25. Any assertion or corroboration by Chastain or the other officers that they smelled alcohol on Mr. Reynolds was a complete and total fabrication as evidenced by the negative alcohol blood test.

26. There was no evidence of impairment whatsoever, and these officers' assertions regarding odor of alcohol can be characterized as nothing other than an outright lie.

27. Upon review of the file, the Rabun County District Attorney's office dismissed all charges against Plaintiff on October 17, 2024.

28. While watching Chastain arrest Reynolds, Officers Barnes and Dills stood idly by knowing that there was no probable cause to arrest Plaintiff for DUI. Nevertheless, they took no action to stop the false and malicious arrest.

29. While watching Chastain arrest Reynolds, Officers Barnes and Dills stood idly by knowing that there was no probable cause to arrest Plaintiff for obstruction of an officer. Nevertheless, they took no action to stop the false and malicious arrest.

30. Barnes and Dills also participated directly in the false arrest by aiding Chastain.

31. As a result of his false and malicious arrest, Plaintiff suffered and continues to suffer severe financial, mental, emotional, and psychological injury as a result of the acts and omissions of these defendants as set forth above.

32. At all relevant times, Plaintiff had a clearly established constitutional right under the Fourth Amendment to the United States Constitution to be free from false arrest, malicious prosecution, and false detention.

33. There was no reasonable justification for the false arrest and the harm that Plaintiff suffered by these Defendants.

34. No reasonable law enforcement officer would have believed that the acts and omissions as complained of herein were in any way appropriate or commensurate under the circumstances.

35. Based on information and belief, no employees or agents of the City of Clayton have been reprimanded or otherwise disciplined for the conduct against Plaintiff.

**COUNT I**
**42 U.S.C. §1983**
**FOURTH AMENDMENT – FALSE ARREST**
**ALL DEFENDANTS**

36. Plaintiff re-alleges and reincorporates paragraphs 1-35 as if fully set forth herein.

37. At all times relevant hereto, all named defendants were acting under color of law.

38. At all times relevant hereto, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be free from false arrest by those acting under color of law.

39. These officers arrested Plaintiff without probable cause for DUI

40. These officers arrested Plaintiff without probable cause for obstruction of an officer.

41. Chastain is directly liable for the false arrest of Plaintiff.

42. Barnes and Dills are liable for their acts and omissions in failing to intervene to stop the unlawful arrest of Plaintiff despite knowing they had a duty and despite having the opportunity to do so.

43. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damages for which all Defendants are liable as set forth above.

44. The injuries to Plaintiff are permanent and continuing.

## COUNT II
## 42 U.S.C. 1983
## FIRST AMENDMENT - RETALIATION
## ALL DEFENDANTS

45. Plaintiff re-alleges and reincorporates as if fully restated herein paragraphs 1-44.

46. At all times relevant hereto, Plaintiff had a clearly established right to be free from retaliation for engaging in protected speech.

47. Plaintiff's acts of questioning (1) why he was being investigated (2) why he was being ordered to produce his ID without probable cause or reasonable suspicion, (3) why he was being ordered out of his car, and (4) why he was being interrogated about alcohol intoxication despite having consumed no alcohol or drugs were protected by the First Amendment.

48. Chastain, Barnes, and Dills arrested Plaintiff in retaliation for Plaintiff's protected speech as set forth above. These retaliatory acts and omissions chilled and adversely affected Plaintiff's protected speech.

49. Chastain, Barnes, and Dills' retaliatory acts and omissions adversely affected the protected speech of Plaintiff by stopping said speech and by arresting Plaintiff without probable cause.

50. These acts caused Plaintiff to suffer damages as set forth above which he still suffers.

**COUNTS III, IV, and V**
**ASSAULT– GEORGIA LAW**
**BATTERY – GEORGIA LAW**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – GEORGIA LAW**
**ALL DEFENDANTS**

51. Plaintiff re-alleges and reincorporates paragraphs 1-35 as if fully set forth herein.

52. These defendants acted intentionally and maliciously to injure Plaintiff.

53. These defendants placed Plaintiff in reasonable apprehension of immediate, unlawful contact and harm.

54. These defendants made unwelcome, intentional, and harmful, physical contact with Plaintiff of an insulting and provoking nature by using unwarranted physical force against him without probable cause or any other penological justification.

55. Said acts were extreme and outrageous.

56. Plaintiff was impacted and personally harmed by said acts.

57. As a result of same, Plaintiff has suffered severe emotional distress.

58. As a direct and proximate result of Defendants' acts and omissions as described within, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to, physical injury; medical expenses; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

## COUNT VI
## PUNITIVE DAMAGES
## GEORGIA LAW
## ALL DEFENDANTS

59. Plaintiff re-alleges and reincorporates paragraphs 1-58 as if fully set forth herein.

60. The harm collectively caused by these Defendants has shown willful misconduct, malice, wantonness, oppression, or that entire want of care which raises the presumption of conscious indifference to consequences.

61. Due to such conduct, these Defendants are liable in punitive damages to deter such conduct in the future.

62. As a direct and proximate result of Defendants' actions and omissions, Plaintiff suffered the injures complained of herein; consequently, Plaintiff is entitled to punitive damages against Defendants to deter similar conduct in the future and to punish Defendants for their wrongful acts, in an amount to be determined at trial.

## COUNTS VII and VIII
## ATTORNEYS FEES AND COSTS
## 42 U.S.C. §1988 and GEORGIA LAW
## ALL DEFENDANTS

63. Plaintiff re-alleges and reincorporates paragraphs 1-62 as if fully set forth herein.

64. As a result of the acts and omissions set forth above, Plaintiff has been forced to retain legal counsel and incur the costs and expenses of bringing this action in defense of his rights.

65. Defendants are also liable to Plaintiff for his attorney's fees in connection with having to defend against criminal charges that he was unlawfully charged with as the basis for this farcical arrest.

66. Pursuant to 42 U.S.C. § 1988 and Georgia law, Plaintiff is entitled to recover from Defendants his attorneys' fees and the costs and expenses of litigation.

## DEMAND FOR JURY TRIAL

Plaintiff re-alleges and reincorporates the foregoing paragraphs as if fully set forth herein and demands a trial by jury on all claims so triable. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Fed. R. Civ. P. 38(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a trial by jury, that summons issue, that judgment, costs, and fees be entered in his favor and against the Defendants, and that the following relief be granted by the Court:

a) that Plaintiff recover against Defendants in compensatory, special, and general damages in an amount to be determined at trial by the enlightened conscious of the jury;

b) that Plaintiff recover against Defendants in punitive damages in an amount sufficient to punish and deter Defendants in an amount determined at trial by the enlightened conscious of the jury;

c) that Plaintiff recover against Defendants for his attorneys' fees and costs of litigation pursuant to 42 U.S.C. §1988 and Georgia law; and

d) such other and further relief that the Court deems just and proper.

This 7th day of March, 2025.

/s/ Christopher M. Upshaw
Georgia Bar No. 557562
**Counsel for Plaintiff**

SANCHEZ HAYES & ASSOCIATES, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia 30290
(770) 692-5020 *telephone*
(770) 692-5030 *facsimile*
doc@sanchezhayeslaw.com